UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Alton Owen,  )<br> )<br>Plaintiff, )<br> )<br>vs. )<br> )<br> )<br>The Boeing Company, )<br> )<br> )<br>Defendant. )<br>_____ ) | Civil Action No. 2:21-4077-BHH<br><br>**<u>OPINION AND ORDER</u>** |

This matter is before the Court for review of the Report and Recommendation entered by United States Magistrate Jacquelyn D. Austin on March 3, 2022 ("Report"). (ECF No. 13.) In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(g) for the District of South Carolina, this case was referred to Magistrate Judge Austin for pretrial handling. In her Report, the Magistrate Judge recommends that Defendant The Boeing Company's ("Boeing") motion to dismiss or, in the alternative, for summary judgment be denied. (*Id.* at 25.) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

## **<u>BACKGROUND</u>**

The Magistrate Judge entered her Report on March 3, 2022, recommending that Boeing's motion to dismiss or, in the alternative, for summary judgment (ECF No. 5) be denied. (*See* ECF No. 13 at 25.) On March 16, 2022, Boeing filed objections challenging aspects of the Report that recommend denial of the alternative motion for summary

---

[1] As always, the Court says only what is necessary to address Defendant's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; exhaustive recitation of law and fact exists there.

1

judgment. (ECF No. 14 at 1 n.1.) On March 30, 2022, Plaintiff Alton Owen ("Plaintiff") filed a reply to Boeing's objections, requesting that the Court adopt the Report and permit this action to proceed. (ECF No. 15.) The matter is ripe for consideration and the Court now makes the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Court will confine its analysis to those portions of the Report to which Boeing raises a specific objection. Accordingly, having carefully reviewed all other portions of the Report in light of the record and finding no error therein, the Court adopts all findings and recommendations of the Magistrate Judge to which there has been no specific objection.

### A. "But-For" Causation With Respect to Racial Discrimination Claim

Magistrate Judge Austin concluded that Boeing's request for summary judgment

is premature given that Boeing's motion came before a scheduling order was entered and before discovery had begun. (ECF No. 13 at 19–21.) The Magistrate Judge noted that by using its own Corporate Investigation ("CI") report to discount the comparator referenced in Plaintiff's complaint, Boeing essentially asks this Court to take Boeing's internal conclusions at face value without providing Plaintiff an opportunity to obtain discovery to challenge the CI report. (*Id.* at 21–22.) Moreover, Magistrate Judge Austin found that factual questions abound as to whether Plaintiff can establish the satisfactory-performance prong of his prima facie case, questions which Plaintiff should have the opportunity to address through discovery. (*Id.* at 22–24.)

Boeing objects by asserting that, regardless of prospective discovery, Plaintiff's own testimony in *Owen I* reveals that he has no path to prove "but-for" causation on his racial discrimination claim. (ECF No. 14 at 2–5.) Boeing cites sections of Plaintiff's deposition where he explains his belief that he was terminated as a result of his stance on a union campaign. (*Id.* at 3–4.) This admission, Boeing contends, that at least one other factor contributed to Plaintiff's termination, forecloses a finding, that "but-for" his race he would not have been terminated. (*Id.* at 4.) Boeing further contends that, because Plaintiff is white, his claim for "reverse discrimination" is subject to an even higher burden of proof than typical racial discrimination claims asserted under 42 U.S.C. § 1981, making the requisite showing of "but-for" causation even more onerous. (*Id.*)

The Court agrees with the Magistrate Judge's sound analysis and finds that further discovery is necessary to adequately determine the viability of Plaintiff's racial discrimination claim. In particular, the Court is careful to construe the "but-for" causation requirement articulated in *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S.

Ct. 1009 (2020), not as an "only cause" requirement, but a requirement that a § 1981 plaintiff demonstrate his race was *a cause without which* the adverse employment action in question would not have happened. The Court is not convinced that Plaintiff's deposition testimony in *Owen I* regarding his stance on the union campaign precludes such a showing. The objection fails to reveal any error in Magistrate Judge Austin's findings or conclusions, and it is overruled.

### B. Additional Discovery and a Genuine Issue of Fact

Boeing next objects to the Magistrate Judge's finding that "additional discovery in this matter could potentially unearth an issue of fact regarding the reason for Plaintiff's termination[,]" because to seek for such an issue of fact would allow Plaintiff to "merely backpedal on his earlier admission provided under oath." (ECF No. 14 at 5.) Boeing argues that, even assuming Plaintiff now provides testimony that his termination was a byproduct of his race instead of his stance in the union campaign, Plaintiff's own inconsistent statements cannot create a genuine issue of fact. (*Id.*)

The Court disagrees. The issue of fact that Plaintiff seeks to present after appropriate discovery is his core allegation that his race caused him to be treated differently than a similarly situated employee(s) who engaged in materially similar conduct. Boeing's arguments are overly reductionistic when they claim Plaintiff is manufacturing an issue of fact by disagreeing with his prior testimony. The facts alleged here can reasonably be read as *in addition to* those presented in *Owen I* and not necessarily *contradictory to* that case. The objection is overruled.

### CONCLUSION

After careful consideration of the relevant materials and law, and for the reasons

4

set forth above, the Court ADOPTS the Report (ECF No. 13) of the Magistrate Judge and incorporates it herein. Accordingly, Boeing's objections are OVERRULED and the motion to dismiss, or in the alternative, for summary judgment (ECF No. 5) is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

September 12, 2022
Charleston, South Carolina